**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:08CR-00094-CRS-DW**
**CIVIL ACTION NO. 3:16CV-00409-CRS**

**TIMOTHY TERRELL BALLANGER**                                              **PETITIONER**

**VS.**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

This matter is before the Court on Timothy Terrell Ballanger's ("Ballanger") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DN 32).   Ballanger challenges his sentence in light of the recent Supreme Court decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).   The United States of America has filed a response (DN 36), and Ballanger has filed a reply (DN 38). The District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter. (DN 34).   For the following reasons, the Court recommends Ballanger's motion be **denied.**

FINDINGS OF FACT

In late December of 2007, Timothy Terrell Ballanger approached a female victim, displayed a loaded pistol, and demanded her purse and 2001 Honda Civic. (DN 23, at p. 2).   As a result, a federal grand jury in the Western District of Kentucky indicted Ballanger on three

counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1); (2) car-jacking a 2001 Honda Civic by force, violence, and intimidation in violation of 18 U.S.C. § 2119; and (3) using, carrying, and brandishing a firearm while carjacking the victim in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (DN 1).

In June of 2009, Ballanger entered into a plea agreement with the United States.  In exchange for Ballanger's guilty plea to all three charges in the indictment, the United States agreed to recommend a sentence at the lowest end of the guidelines range. (DN 23, at p. 9).  The Presentence Investigation Report ("PSR") specified that Ballanger would be sentenced as an "Armed Career Criminal" under § 4B1.4(b)(3)(A) and 18 U.S.C. § 924(e) because he possessed a firearm in connection with a crime of violence and had at least three previous convictions for violent offenses. (DN 31, at p. 8).  Ballanger's previous "crime of violence" convictions included Burglary I and Burglary III in Jefferson County and four counts of Robbery I, also in Jefferson County. (DN 1, at p. 1; DN 31 at pp. 9-10). Based on those considerations, the PSR recommended Ballanger serve "188-235 months plus 7 years to be served consecutively[,]" followed by 3-5 years of supervised release.  (DN 31, at p. 19).

At sentencing, the Court imposed a term of 180 months imprisonment as to Counts One and Two of the Indictment, to run concurrently, and a term of 60 months imprisonment as to Count Three, to run consecutively. (DN 30, at p. 3).  Ballanger's total term of imprisonment is 240 months. (*Id.*).

Presently, Ballanger has filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (DN 32).  Ballanger urges that he must be resentenced in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) for two reasons.  First, Ballanger believes he should be resentenced without the ACCA enhancement.

Second, he claims Count Three of the Indictment must be dismissed because it violated due process.

CONCLUSIONS OF LAW

**A. Standard of Review**

Under 28 U.S.C. § 2255, a prisoner in custody may move the court that imposed the sentence to vacate, set aside, or correct that sentence on grounds that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]

28 U.S.C. § 2255(a). Where the prisoner alleges constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings to warrant relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors, on the other hand, are generally outside the scope of § 2255 relief and only merit relief if the prisoner establishes a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).

**B. *Johnson* Framework**

The Armed Career Criminal Act ("ACCA") sets a mandatory minimum sentence for a felon with three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). The statute defined a "violent felony" as a crime that is punishable by more than one year and that falls within one or more of the following clauses: (1) it "has an element the use, attempted use, or threatened use of physical force against the person of another;" (2) it

"is burglary, arson, or extortion, [or] involves the use of explosives;" or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The foregoing clauses are known as the "force" clause, the "enumerated offenses" clause, and the "residual" clause, respectively.

In *Johnson v. United States*, the Supreme Court invalidated the ACCA's residual clause as unconstitutionally vague.  135 S. Ct. at 2563.  The Supreme Court has clarified that *Johnson's* holding applies retroactively on collateral review, meaning that prisoners who were sentenced prior to *Johnson* as armed career criminals based on prior convictions that were considered violent felonies under the residual clause, are eligible for resentencing.  *Welch v. United States*, 136 S. Ct. 1257 (2016).  *Johnson*, however, does not permit resentencing where the sentencing court relied on either the "force" clause or the "enumerated offenses" clause in applying the career-offender enhancement.   135 S. Ct. at 2563.

### C. Ballanger's Plea Agreement Waiver

At the outset, the United States argues that Ballanger is procedurally barred from bringing any claims under *Johnson* because he waived his right to collaterally attack his sentence in his plea agreement. (DN 36, at pp. 2-3). The United States asserts that Ballanger's plea agreement is a "binding contract" and the waiver of his right to collaterally attack his sentence is no less binding than any other terms in the plea agreement. (*Id.*).  In reply, Ballanger cites to the Sixth Circuit's opinion in *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), arguing his plea agreement waiver does not foreclose his Johnson claim.  (DN 38, at pp. 2-3).

The United States is correct that a criminal defendant may waive any right, statutory or constitutional, in a plea agreement, so long as the waiver is voluntary and knowing. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008) (citing *United States v. Calderon*, 388 F.3d 197, 199

(6th Cir. 2004)). As such, a criminal defendant may knowingly and voluntarily waive his right to collaterally attack his sentence. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Sixth Circuit has time and again emphasized the importance of upholding and enforcing plea agreement waiver provisions. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005); *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005).

The advent of *Johnson* and the Sixth Circuit's interpretation of *Johnson's* effect on a plea agreement waiver, however, have complicated these principles. In *McBride*, a criminal defendant directly appealed his sentence by contesting his career-offender designation in light of *Johnson*. Prior to sentencing, McBride had entered a plea agreement with the United States containing statements demonstrating his agreement with the career offender designation. 826 F.3d at 295. This explicit agreement, the Court determined, constituted a waiver of McBride's argument that the career-offender sentencing enhancement should not apply. *Id.* The Sixth Circuit, nevertheless, concluded that McBride's plea agreement waiver was not enforceable as to his *Johnson* claim because "a defendant can abandon only '*known* right[s]'" and, for that reason, McBride "could not have intentionally relinquished a claim based on *Johnson*, which was decided after his sentencing." 826 F.3d 293, 295 (6th Cir. 2016) (citing *United States v. Stines*, 313 F.3d 912, 917-18 (6th Cir. 2002); *United States v. Rogers*, 118 F.3d 466, 471 (6th Cir. 1997)).

The Eastern District of Michigan's opinion in *United States v. Wall*, affirmed and furthered the reach of *McBride*. No. 12-cr-20180, 2016 WL 4801272, at *2 (E.D. Mich. Sept. 14, 2016). In *Wall*, a federal habeas petitioner challenged his sentence under *Johnson* after entering a plea agreement stating he "knowingly and voluntarily waive[d] that right [to collaterally attack his sentence] and agree[d] not to contest his conviction or sentence in any

post-conviction proceeding, including - but not limited to – any proceeding under 28 U.S.C. § 2255." *Id.* Although the court contrasted Wall's "blanket waiver" of the right to collaterally attack his sentence with McBride's "understanding" and agreement that he would be sentenced as a career-offender, the court found it was bound to follow *McBride* and Wall's waiver of appeal did not bar his *Johnson* claim. *Id.* at *3. In sum, it seems that *McBride* and *Wall* taken together eliminated any possibility of success for the government on a plea agreement waiver argument as it relates to *Johnson.*

Following *McBride* and *Wall*, the Sixth Circuit again revisited this waiver issue in *In re Garner*, -- F. App'x --, 2016 WL 6471761, at *2 (6th Cir. Nov. 2, 2016). In this split, unpublished opinion, the Sixth Circuit denied a petitioner's application to file a successive motion to vacate based upon his appeal waiver, notwithstanding *Johnson*. Like in *Wall*, the defendant in *In re Garner* explicitly waived his right to appeal or collaterally attack his sentence in a plea agreement with the United States. Yet unlike *McBride* and *Wall,* the Sixth Circuit in *In re Garner* harked back to its earlier precedent that "[a] defendant's waiver of his right to challenge his conviction and sentence under § 2255 is enforceable" when entered into knowingly and voluntarily. *Id.* (citing *Davila,* 258 F.3d at 451; *In re Acosta*, 480 F.3d at 422); *see also Bradley*, 400 F.3d at 463. To quote from the *In re Garner* decision:

> In *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), we held that "where developments in the law later expand a right that a defendant has waived in a plea agreement, the change in law does not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." Garner, like the defendant in *Bradley* expressly "waive[d] the right to appeal his [] conviction or sentence on any grounds" and "knowingly and voluntarily waive[d] th[e] right . . . to contest his[] conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255." In making this waiver, he understood "that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions."

> Had Garner predicted the outcome of *Johnson*, it is true, he might not have used his rights to challenge his sentence as bargaining chips in the plea negotiation. But Garner's lack of clairvoyance cannot undo his decision to waive the right to attack his sentence collaterally.  His "waiver[] of the right to appeal . . . would amount to little if future changes in the law permitted the benefited party nonetheless to appeal."  . . . All that matters is that the waiver is knowing; it need not be omniscient.

2016 WL 6471761, at *1-2 (internal citations omitted).

Of note, *In re Garner* distinguished its holding from that of *McBride*, explaining that the defendant in *McBride* "did not sign [a] plea agreement[] with provisions waiving [his] appellate and collateral review rights."  *Id.* at *2.  The court emphasized that "best [it] can tell," all of the courts of appeals,[1] save one, have enforced appeal waivers to bar *Johnson* claims because "an intervening change in the law does not render the appellate waiver unknowing or involuntary."[2]  *Id.*

After the *In re Garner* decision, the Eastern District of Michigan permitted the government to file a motion for reconsideration in the *Wall* case, arguing that Wall's collateral attack waiver should have been given dispositive effect. *United States v. Wall*, No. 12-cr-20180, 2017 WL 193549, at *1 (E.D. Mich. Jan. 18, 2017) [hereinafter "*Wall II*"]. The court agreed, finding that its earlier reliance on *McBride* was in error because Wall waived his right to collaterally attack his sentence in his plea agreement.  *Id.*  *Wall II* also noted that the *In re Garner* majority's refusal to entertain a successive petition in light of a collateral attack waiver

---

[1] *See United States v. Bey*, 825 F.3d 75, 83 (1st Cir. 2016); *United States v. Blackwell*, 651 F. App'x 8, 9-10 (2d Cir. 2016) (order); *Sanford v. United States*, 841 F.3d 578 (2d Cir. 2016); *United States v. Agurs*, 629 F. App'x 288, 290 n. 6 (3d Cir. 2015); *United States v. Worthen*, 842 F.3d 552, 554-55 (7th Cir. 2016);  *United States v. Ford*, 641 F. App'x 650, 651 (8th Cir. 2016) (per curiam); *United States v. Frazier-LeFear*, -- F. App'x  --, 2016 WL 7240134 (10th Cir. Dec. 15, 2016); *United States v. Hurtado*, -- F. App'x --, 2016 WL 3410270, at *1 (10th Cir. June 17, 2016).

[2] Following *In re Garner*, two opinions from the Eastern District of Michigan applied the same principles, enforcing broadly-worded plea agreement waivers to prevent *Johnson* claims from proceeding to merits review.  *United States v. Strauss*, 2016 WL 6873398, at *2-3 (E.D. Mich. Nov. 22, 2016); *United States v. Muller*, 2016 WL 6892268, at *2-3 (E.D. Mich. Nov. 22, 2016).

"makes giving effect to the waiver all the more proper when a court applies the more stringent standard applicable to a non-successive petition." 2017 WL 193549, at *4.

Most recently, the Sixth Circuit rendered an unpublished decision, *United States v. Morrison*, --F. App'x --, 2017 WL 360553, at *3 (6th Cir. Jan. 25, 2017), in which the defendant directly appealed his sentence under *Johnson*. The *Morrison* panel specified that Morrison could only challenge his waiver of appellate rights in the plea agreement "on the grounds that it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *Morrison*, 2017 WL 360553, at *2 (quoting *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quoting *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009)). A change in the law, whether from *Mathis* or *Johnson*, the court reiterated "cannot render a plea agreement unknowing."[3] *Id.* (citing *Brady v. United States*, 397 U.S. 742, 757 (1970) (additional citation omitted)). The court distinguished *McBride* because McBride's plea agreement did not include an appellate waiver, whereas, Morrison "could and did intentionally relinquish his right to appeal" and that, in doing so, he "assumed the risk that he would be denied the benefit of future legal developments." *Id.* at *3. Because Morrison made no effort to undermine the voluntariness of his plea agreement and did not assert a violation of Fed. R. Crim. P. 11, the court dismissed his appeal.[4] *Id.* at *2, 4.

Here, Ballanger's waiver of appellate rights was explicit in the plea agreement like that in *In re Garner, Wall II,* and *Morrison*. Paragraph 12 of Ballanger's plea agreement contained the following waiver language:

---

[3] In this case, the United States mentions the *Mathis* decision in its response, stating that "[a]lthough Ballanger does not raise an issue pertaining to his burglary-in-the-first degree conviction and the Supreme Court's recent decision in *Mathis v. United States*, the United States will address that possible claim because courts hold *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers." (DN 36, at p. 6).

[4] For a comprehensive analysis of the Sixth Circuit's case law on the effectiveness of a plea agreement waiver in light of *Johnson*, please see this Court's recent Report and Recommendation in *Anastacio Echeverria-Ruiz v. United States*, No. 3:09-CR-179-CRS (W.D. Ky. Feb. 14, 2017) at DN 282.

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742. However, defendant shall maintain his right to appeal the sentence imposed only if the Court departs from the applicable advisory guideline range, *as determined by the Court.* Defendant expressly waives the right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or for any other reason.

(DN 23, at pp. 7-8 ¶ 12). Under the reasoning of *In re Garner, Wall II,* and *Morrison,* Ballanger's explicit waiver of the right to collaterally attack his conviction in his plea agreement remains enforceable despite the new law of *Johnson* and/or *Mathis.*

After examining Ballanger's arguments, the Court concludes that Ballanger makes no attempt to challenge the voluntariness of his plea agreement, does not assert a violation of Fed. R. Crim. P. 11 in the acceptance of his change of plea and plea agreement, and does not assert that ineffective assistance of counsel rendered his plea agreement or guilty plea constitutionally invalid. Not only does Ballanger fail to posit an argument against the validity of his guilty plea or plea agreement, he plainly recounts the "plea proceedings" in his motion and states that the court determined "that the pleas were voluntary and not the result of force or threats or promises not contained in the plea agreement" and the court "advised the defendant as required by Fed. R. Crim. P. 11(c)(3)(B)." (DN 32, at pp. 4-5).

Ballanger's arguments instead center on whether *Johnson* renders his sentencing enhancement as an armed career criminal invalid and whether Count 3 of the indictment violated due process. (*Id.* at p. 7). These arguments in no fashion affect the validity of his plea agreement waiver of the right to bring a collateral attack. The Court, therefore, must enforce the waiver provisions of his plea agreement and recommend that his current action be dismissed with prejudice.

9

## D. Certificate of Appealability

The final question is whether Ballanger is entitled to a Certificate of Appealability. When a court denies a habeas claim based on procedural grounds, the petitioner must satisfy a two-pronged test in order for a Certificate of Appealability to issue: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d (2000). Ballanger satisfies neither prong. No reasonable jurists could debate whether Ballanger has stated valid claims. None of his arguments run to the validity of the plea agreement waiver of his right to bring the present collateral attack on his sentence because following *Morrison*, little doubt remains about the Sixth Circuit's position on the enforceability of such waivers. Similarly, reasonable jurists would not find that enforcing Ballanger's waiver was incorrect as a procedural ruling. The Court, accordingly, recommends that no Certificate of Appealability should issue as to Ballanger's § 2255 claims.

## RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** the claims in Ballanger's § 2255 motion to vacate (DN 32) be **DENIED**. The Court further **RECOMMENDS** that no Certificate of Appealability issue as to Ballanger's claims.

<u>NOTICE</u>

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. Fed.R.Civ.P. 72(b)(2). If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 474 U.S. 140, 150-51, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985).


Copies:         Timothy Terrell Ballanger, *pro se*
                Counsel