UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY TERRELL BALLANGER                      PETITIONER

v.                      CRIMINAL ACTION NO. 3:08-CR-00094-CRS-DW
                     CIVIL ACTION NO. 3:16-CV-00409-CRS

UNITED STATES OF AMERICA                      RESPONDENT

## Memorandum Opinion

I.     Introduction

Timothy Terrell Ballanger filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. Vacate 1, ECF No. 32. Ballanger challenges his conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id*. at 2. The United States responded. Resp. Opp. Mot. Vacate 1, ECF No. 36. Ballanger replied. Reply 1, ECF No. 38.

Magistrate Judge Dave Whalin made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 39. Ballanger makes three objections to the magistrate judge's analysis: (1) he objects to the magistrate judge's conclusion of law that *Johnson* does not extend to permitting resentencing when the sentencing court relied on the "force" clause or "enumerated offenses" clause in applying the career offender enhancement; (2) he objects to the magistrate judge's conclusion of law that because he did not challenge the voluntariness of his plea agreement, the waiver must be enforced; and (3) he objects to the magistrate judge's conclusion of law that he does not meet the standard for issuing a certificate of appealability. Obj. 2–5, ECF No. 40.

For the reasons explained below, the Court will overrule Ballanger's objections to the magistrate judge's findings of fact, conclusions of law, and recommendation. The Court will deny Ballanger's motion to vacate. The Court will deny Ballanger a certificate of appealability.

II.    Magistrate Judge's Findings of Fact

In December 2007, Ballanger approached a female victim, displayed a loaded pistol, and demanded her purse and her 2001 Honda Civic. R. & R. 1, ECF No. 39. A grand jury in the Western District of Kentucky then indicted Ballanger on three counts: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1), (2) car-jacking a 2001 Honda Civic by force, violence, and intimidation in violation of 18 U.S.C. § 2119, and (3) using, carrying, and brandishing a firearm while carjacking the victim in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id*. at 1–2.

In June 2009, Ballanger entered into a plea agreement with the United States. *Id*. at 2. In response to Ballanger's guilty plea, the United States agreed to recommend a sentence at the lowest end of the sentencing guidelines range. *Id*. The plea agreement contained the following waiver language:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742. However, defendant shall maintain his right to appeal the sentence imposed only if the Court departs from the applicable advisory guideline range, as determined by the Court. Defendant expressly waives the right to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or for any other reason.

*Id*. at 9.

The Presentence Investigation Report (PSR) stated that Ballanger would be sentenced as an "Armed Career Criminal" under § 4B1.4(b)(3)(A) and 18 U.S.C. § 924(e) because he possessed a firearm in connection with a crime of violence and had at least three previous

convictions for offenses that qualified as violent crimes. *Id*. at 2. The previous violent crimes convictions included Burglary I, Burglary III, and four counts of Robbery I in Jefferson County, Kentucky. *Id*. The PSR recommended that Ballanger serve 188 to 235 months in addition to 7 years to be served consecutively, followed by 3-5 years of supervised release. *Id*.

At sentencing, the Court imposed a term of 180 months of imprisonment as to Counts One and Two of the Indictment, which would run concurrently, and a term of 60 months of imprisonment as to Count Three, which would run consecutively, for a total of 240 months. *Id*.

Ballanger does not object to the magistrate judge's findings of fact. Obj. 3, ECF No. 40. Because Ballanger does not object to the magistrate judge's findings of fact, the Court accepts and adopts them in their entirety. *See* 28 U.S.C. § 636(b)(1)(B).

III.   Magistrate Judge's Conclusions of Law and Recommendation

A person's sentence will be enhanced to a minimum of 15 years imprisonment under the Armed Career Criminal Act (ACCA) if the person "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A serious drug offense is one under either federal or state law for which there is a maximum term of imprisonment of at least 10 years. *Id.* § 924(e)(2)(A). A violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). The first clause is known as the "force" clause, the second clause is known as the "enumerated offenses" clause, and the third clause is known as the "residual" clause.

3

*Johnson* held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2563. The *Johnson* Court clarified that its decision did not also invalidate the enumerated offenses clause or the force clause. *Id*. Thus, a defendant can still receive an ACCA-enhanced sentence based on these two clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015).

In his motion to vacate, Ballanger argues that his prior convictions are no longer qualifying predicates for sentence enhancement in light of *Johnson*. Mot. Vacate 11, ECF No. 32. The magistrate judge, however, determined that Ballanger waived his right to assert this *Johnson* claim under current precedent in the Sixth Circuit because he waived his right to collaterally attack his sentence in his plea agreement. R. & R. 9, ECF No. 39. Ballanger objects to the magistrate judge's conclusions of law that he waived his right to collaterally attack his sentence and that the *Johnson* claim cannot be addressed. Obj. 4–5, ECF No. 40. He argues that the Court should not enforce the waiver of his right to appeal his conviction but instead should consider whether his prior convictions are qualifying predicates for ACCA-sentence enhancement. *Id*.

Addressing the objection to the magistrate judge's conclusion that he waived his right to collaterally attack his sentence, Ballanger first argues that the United States Court of Appeals for the Sixth Circuit recently held that a defendant cannot have intentionally waived a claim based on *Johnson* by accepting a career offender designation in a plea agreement and sentencing memorandum if *Johnson* were decided after his sentencing. *Id*. at 5. In support, Ballanger cites to *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016), *Priddy*, 808 F.3d at 682, and *United States v. Stephens*, 651 F. App'x 445 (6th Cir. 2016).[1]

---

[1] Ballanger cannot rely on *Stephens*, 651 F. App'x at 445 because the case has been vacated and remanded. No. 16-7448, 2017 U.S. LEXIS 1878 (2017).

A criminal defendant may waive any right in a plea agreement so long as his waiver is voluntary and knowing. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). A criminal defendant may even knowingly and voluntarily waive his right to collaterally attack his sentence. *See United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Since its decision, *Johnson* has complicated these principles, leading to an evolving body of case law in the Sixth Circuit regarding waiver. In *Priddy*, Defendant Priddy was indicted with two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). 808 F.3d at 679. He pleaded guilty to both charges. *Id*. Priddy's presentence investigation report recommended that he be designated a career offender under the ACCA based on three prior convictions for aggravated burglary, one conviction for robbery, and one conviction for burglary. *Id*. at 680. At sentencing, the district court explained that Priddy had three or more felonies that could qualify as violent felonies under the ACCA and sentenced him as a career offender. *Id*. Priddy did not object to his status as a career offender. *Id*.

Priddy later contested his career offender designation in light of *Johnson*, arguing that § 922(g) was not a predicate offense of violence under the career offender guideline. *See id*. The United States asserted that Priddy waived his argument to challenge his sentence in light of *Johnson* because he failed to object to the district court's application of the ACCA at sentencing. *Id*. at 681. The Sixth Circuit, however, allowed Priddy to challenge his sentence under *Johnson*, even though he had not objected to the career offender status at sentencing, because his counsel was unaware of that *Johnson* would call into question whether the ACCA enhancement applied to his sentence. *Id*. at 682. Because Priddy's prior convictions qualified as violent felonies under

the enumerated offense clause and force clause, the Sixth Circuit affirmed his designation as a career offender and corresponding sentence. *Id*. at 686.

In *McBride*, Defendant McBride was charged with six counts of bank robbery in violation of 18 U.S.C. § 2113(a), (d). 826 F.3d at 294. McBride signed a plea agreement in which he accepted that he would be sentenced as a career offender because he had at least two prior convictions involving violent crimes. *Id*. The two prior convictions were for bank robbery, also in violation of § 2113. *Id*. McBride's sentencing memorandum agreed that he was a career offender. *Id*. And at sentencing, his counsel conceded that McBride was a career offender. *Id*.

McBride later contested his career offender designation in light of *Johnson*, arguing that § 2113 was not a predicate offense of violence under the career offender guideline. *Id*. The Sixth Circuit explained that McBride waived his argument about his career offender designation in his plea agreement except to the extent that it could not have been made before *Johnson* because he could only abandon "known right[s]." *Id*. at 294–95 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993) (emphasis in original)). The appellate court, however, determined that McBride's prior convictions for bank robbery were designated as violent crimes under the force clause, not under the residual clause that *Johnson* invalidated. *Id*. at 296. McBride could have made this argument before *Johnson*; thus, he had waived it by accepting the career offender designation in his plea agreement. *Id*.

Most recently and in factual circumstances similar to those in this case, the Sixth Circuit decided *United States v. Morrison*, No.17a0061p.06, 2017 U.S. App. LEXIS 4610 (6th Cir. Jan. 25, 2017). In *Morrison*, Defendant Morrison pleaded guilty to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *Id*. at *1. In his written plea agreement, he waived his right to appeal any sentence imposed by the Court as long it was within the applicable

6

guideline range or lower. *Id*. He later appealed his sentence and argued that his appeal waiver was unenforceable. *Id*.

The Sixth Circuit specified that Morrison could only challenge his waiver of appellate rights in the plea agreement "on the grounds that [the waiver] was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *Id*. at *2 (quoting *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015)). The appellate court distinguished *Morrison* from *McBride*, explaining that Morrison's plea agreement included an appeal waiver in his plea agreement whereas McBride's plea agreement included an "understanding" that he would be sentenced as a career offender. *Id*. at *5–6. Morrison, unlike McBride, "could and did intentionally relinquish his right to appeal. In doing so, he assumed the risk that he would be denied the benefit of future legal developments." *Id*. at *6. Morrison did not challenge the voluntariness of his plea agreement and did not assert that Rule 11 had been violated. *Id*. at *3. The Sixth Circuit also noted that his plea hearing confirmed that Morrison had voluntarily waived his right to appeal. *Id*. The appellate court accordingly dismissed Morrison's appeal. *Id*. at *4.

Given *Morrison*, Ballanger's broad assertion that a defendant cannot have intentionally waived a claim based on *Johnson* by accepting a career offender designation in a plea agreement and sentencing memorandum if *Johnson* were decided after his sentencing is incorrect. This argument is without merit.

Ballanger secondly argues that his plea agreement waiver should not be enforced because the former Attorney General apparently issued a memorandum that changed the Department of Justice's policy regarding plea waivers and ineffective assistance of counsel claims. Obj. 5, ECF No. 40. Ballanger specifies that "federal prosecutors can no longer include such waiver language

7

in plea bargain documents and that waivers in earlier documents that have already been signed should not been enforced." *Id*.

Ballanger fails to provide the Court with the former Attorney General's memorandum. And regardless, the Court is not bound by the memorandum. Therefore, Ballanger's second argument is also unpersuasive. Because Ballanger fails to demonstrate that he should be allowed to challenge his sentence despite the waiver in his plea agreement, his objections to the magistrate judge's conclusions of law regarding waiver will be overruled. Because Ballanger waived his right to collaterally attack his sentence, his objection to the magistrate judge's conclusion of law that *Johnson* does not extend to permitting resentencing when the sentencing court relied on the "force" clause or "enumerated offenses" clause in applying the career offender enhancement will also be overruled. Ballanger's motion to vacate his sentence will be denied.

IV. Certificate of Appealability

The magistrate judge concluded that Ballanger was not entitled to a certificate of appeability because "[n]o reasonable jurists could debate whether Ballanger has stated valid claims." R. & R. 10, ECF No. 39. This Court cannot issue a certificate of appealability unless the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). On de novo review, this Court finds that reasonable jurists would not find this assessment of Ballanger's *Johnson* claim to be debatable or wrong. Ballanger clearly waived his right to challenge his sentence in his plea agreement and thus his *Johnson* arguments cannot be addressed. Therefore, the Court will deny a certificate of appealability on the *Johnson* claim raised in Ballanger's motion to vacate his sentence.

V.  <u>Conclusion</u>

The Court will overrule Ballanger's objections to the magistrate judge's findings of fact, conclusions of law, and recommendation. The Court will deny Ballanger's motion to vacate. The Court will deny Ballanger a certificate of appeability. An order will be entered in accordance with this memorandum opinion.

April 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**