UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

vs.                                                                       CIVIL ACTION NO. 3:08-CR-94-CRS

TIMOTHY TERRELL BALLANGER                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of the request of defendant Timothy Terrell Ballanger for appointment of counsel in order to seek resentencing in light of certain recent developments in the law.[1] For the reasons set forth below, the Court will deny Mr. Ballanger's request.

The defendant pleaded guilty to a three-count indictment in this case, admitting to committing a carjacking by the use of a loaded firearm. He was sentenced for:

(1) Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), enhanced under 18 U.S.C. § 924(e)(1) for being an Armed Career Criminal;

(2) Theft of a Motor Vehicle with Intent to Cause Death or Serious Bodily Injury to Another in violation of 18 U.S.C. § 2119; and

(3) Brandishing a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(ii).

---

[1] Mr. Ballanger sent a letter which was docketed in the record (DN 49) and construed by the Court as a motion for appointment of counsel. In the letter, the defendant recites the basis for his request and his belief that he is entitled to resentencing.

Ballanger was sentenced to 180 months imprisonment as to each of Counts 1 and 2, to run concurrently, and 60 months as to Count 3, to run consecutively to the 180-month term, for a total term of imprisonment of 240 months.[2]

I. Waiver

The Plea Agreement contained a waiver of the right to any direct or collateral appeal. In 2016, Ballanger moved to vacate his sentence based upon a change in the law. This Court found Ballanger's challenge to his sentence precluded by the waiver. Our ruling and dismissal of his § 2255 petition was upheld on appeal despite Ballanger's assertion that the waiver was unknowing and involuntary because he could not have predicted the issuance of the Supreme Court decision upon which he sought to rely.

In seeking counsel to assert the current challenge, Ballanger approaches the waiver issue a little differently. He suggests that his waiver was not knowing and voluntary because, at sentencing, he raised a specific question as to waiver with respect to subsequent changes in the law. He states in his letter that when "you ask[ed] is there anything I would like to say? And I said yes there is one thing. If any new law change would I be able to file and you said yes." Ballanger Letter, DN 49, pp. 1-2. It does not appear that this precise exchange took place. However, Ballanger's counsel raised the issue, noting that Ballanger had asked how he could protect his ability to be considered for future relief and favorable treatment from any retroactive application of statute, guideline, or rule that would possibly benefit him. The Court responded that there was no need to put such language in the sentence, stating that the defendant had taken a position, and if there were changes in the law, he could try to take advantage of them.

---

[2] None of the other elements of his sentence are pertinent to this ruling. He received a below guidelines sentence pursuant to an agreement with the United States. What would have been a mandatory 7 years on the 924(c)(1)(A)(ii) violation was reduced to 5 years by agreement.

2

Mr. Ballanger certainly would like to have appointed counsel further pursue the knowing and voluntary aspects of his waiver. However, assuming, arguendo, that the waiver provision in the Plea Agreement did not bar his present inquiry under recent caselaw, there is at least one additional hurdle that Ballanger conclusively cannot surmount.

II. Retroactivity

Ballanger seeks appointment of counsel to address whether the United States Supreme Court decision of *United States v. Davis*, 139 S.Ct. 2319 (2019) invalidating the so-called "residual clause" of 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague would impact his sentence and entitle him to resentencing. For the reasons set forth below, we conclude that the *Davis* case has no impact on the validity of Ballanger's sentence and therefore that his request for appointment of counsel to assert this ineffectual argument should be denied.

First, we note that although the analysis of the residual clause of the firearms "crime of violence" definition in *Davis* mirrors that undertaken in *Johnson v. United States*, 135 S.Ct. 2551 (2015) with respect to the residual clause of the Armed Career Criminal Act, it remains to be determined whether *Davis'* holding will apply retroactively on collateral review. *See Baugh v. United States*, No. 3:16-cv-02628, 2020 WL 409728 (M.D.Tenn. Jan. 24, 2020)(noting that the 10th and 11th Circuits have concluded that *Davis* is, like *Johnson*, retroactively applicable to cases on collateral review, but the matter remains undecided by the 6th Circuit); *United States v. Brooks*, No. 5:19-CV-304-JMH-EBA, 2019 WL 4231236 (E.D.Ky. Aug. 19, 2019)(noting that it is unclear if the ruling in *Davis* can be applied retroactively on collateral review, quoting the dissent in *Davis* which states "And who knows whether the ruling will be retroactive?").

Again, assuming, arguendo, that *Davis* is to be applied retroactively on collateral review, and Mr. Ballanger would be afforded the opportunity to take advantage of the change in the law if applicable to his case, we conclude that, in fact, *Davis* is inapplicable to Mr. Ballanger's sentence.

III. Section 924(c)(3) and carjacking

Ballanger pleaded guilty and was sentenced to an additional five years imposed consecutively to the 180 months imposed as to Counts 1 and 2 for brandishing a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii).[3] Section 924(c)(3) states:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As explained in *Davis*, 139 S.Ct. 2319, 2338-39 (Kavanaugh, J. dissenting),

> Section 924(c)(3) lays out the definition of "crime of violence" for purposes of 924(c). That definition has two prongs, either of which can bring a defendant within the scope of § 924(c)…In other words, as relevant here, a defendant can fall within the scope of § 924(c) either (1) because of the elements of the underlying crime or (2) because of the defendant's conduct in committing the underlying crime…Put another way, the underlying crime itself may automatically bring the defendant within the scope of § 924(c). Or if the underlying crime does not automatically qualify as a crime of violence, then the defendant's conduct during the crime may still bring the defendant within the scope of § 924(c).

In Ballanger's case, the underlying crime, carjacking, meets the elements prong of the "crime of violence" definition, so the conduct prong, also referred to as the residual clause of §

---

[3] The reason for the addition of five years, rather than the seven years mandated by the statute, was explained in footnote 2 *infra*.

924(c)(3), never comes into play in Ballanger's sentence. *See Harper v. United States*, No. 18-1202, 2019 WL 6321329 (Nov. 26, 2019)(unpubl.):

> Harper's carjacking qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c). Section 924(c)'s definition of a "crime of violence" contains an elements clause and residual clause. Although the Supreme Court has determined that § 924(c)'s residual clause is unconstitutionally vague, *United States v. Davis*, ___U.S.___, 139 S.Ct. 2319, 2336, 204 L.Ed.2d 757 (2019), this court has held that carjacking constitutes a crime of violence under § 924(c)'s elements clause, *United States v. Jackson*, 918 F.3d 467 (6th Cir. 2019)…This published holding forecloses Harper's claim that his carjacking conviction were not crimes of violence under § 924(c).

Mr. Ballanger's references the pre-*Davis* case of *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016) in which a carjacking was a "crime of violence" under the residual clause. This reference to the now-abrogated case misses the mark in light of the holdings in *Jackson* and *Harper* that carjacking is automatically a "crime of violence," as it satisfies the elements clause of § 924(c)(3).

Finally, Ballanger quotes an *argument* made by two of the defendants in *Jackson* concerning a definition for the term "intimidation" which was *rejected* by the court. As previously noted, the court in *Jackson* ultimately held that carjacking satisfies the elements clause of § 924(c)(3) and thus is a "crime of violence" for purposes of § 924(c).

IV. Conclusion

In this case, Ballanger admitted at his plea hearing that he committed carjacking by brandishing a loaded firearm. There is no question that he was properly sentenced for brandishing a firearm during and in relation to a crime of violence under § 924(c). Ballanger's hope to avail himself of the holding in *Davis* on retroactive collateral review is entirely and

5

conclusively misplaced under the law as set forth by the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit.

Therefore, for the reasons set forth herein and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Timothy Terrell Ballanger's request for appointment of counsel (DN 49) is **DENIED**.

**IT IS SO ORDERED.**

March 16, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record

Timothy Terrell Ballanger, *pro se*
Reg. No. 05097-033
FCI Butner Low
P.O. Box 999
Butner, NC  27509