UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                     CRIMINAL ACTION NO. 3:08-CR-94-CRS

TIMOTHY TERRELL BALLANGER                               DEFENDANT

**MEMORANDUM AND ORDER**

This matter is before the Court upon a second motion by Defendant Timothy Terrell Ballanger for compassionate release in light of the COVID-19 pandemic (DN 55). Defendant filed a previous motion for compassionate release which the Court denied without prejudice by Memorandum and Order entered May 4, 2020, based on Defendant's failure to meet the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A)(i) (DN 54).

In his prior motion, Defendant indicated that he suffers from fibro sarcoma, ulcerative colitis, and severe asthma. He also stated that the medication he takes for ulcerative colitis weakens his immune system. Plaintiff is incarcerated at Butner FCI, where inmates have reportedly died from COVID-19. Indeed, Plaintiff indicates that COVID-19 is in his housing unit and that "grown men are being hauled out in wheelchairs so sick that they can't walk."

In the instant motion, Defendant states that he has now exhausted his administrative remedies. Defendant attaches to his motion a request he made to the warden on May 19, 2020, for home confinement pursuant to 18 U.S.C. § 3624(c)(2) or for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant also attaches the undated response he received which states that he does not meet the criteria for home confinement. The response does not appear to address Plaintiff's request for compassionate release.

Under 18 U.S.C. § 3582(c), as amended by the First Step Act, defendants may make a direct request to the court for compassionate release after exhausting his administrative remedies or making a request to the warden with no response. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 U.S. Dist. LEXIS 119768 (E.D. Tenn. July 18, 2019). This statute specifically provides that a district court has the authority to rule on a motion for compassionate release

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

Based upon the records submitted by Defendant, it appears that although his request for home confinement has been addressed, his request for compassionate release has not. Since it has not been 30 days since Plaintiff made his request for compassionate release, the Court does not have jurisdiction to rule on his motion.

Moreover, to the extent Defendant urges that the risks involved in the COVID-19 pandemic should excuse the exhaustion requirement, the Court declines to adopt such reasoning. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. Apr. 2, 2020) (concluding, in denying motion for compassionate release due to COVID-19, that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance"); *United States v. Bolze*, No. 3:09-CR-93-TAV-CCS-1, 2020 U.S. Dist. LEXIS 84158, at *10-11 ("[T]he court may not create an exception to § 3582(c)(1)(A)'s exhaustion requirement for the special circumstance of the COVID-19 epidemic.") (collecting cases); *United States v. Dougherty*, No. 2:18-cr-229-2, 2020 U.S. Dist. LEXIS 68725, at *4 (S.D. Ohio Apr. 20, 2020) (finding that "many courts have held

that the exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic") (citations omitted).

For these reasons, **IT IS ORDERED** that the instant motion for compassionate release (DN 55) is **DENIED without prejudice**. The Court will expedite any subsequent motion for compassionate release filed after Defendant meets the statutory requirements of 18 U.S.C. § 3582(c)(1)(A).

Date: June 4, 2020

Charles R. Simpson III, Senior Judge
United States District Court

cc: Defendant, *pro se*
    U.S. Attorney
4411.011